New Jersey Department of Labor,
Workmen's Compensation Bureau.

MANUEL CONSTANTINO, PETITIONER, v. DU PONT VIS-
COLOID COMPANY, RESPONDENT.

For the petitioner, *Charles Becker.*

For the respondent, *Abel Klaw.*

\*    .   \*        \*        \*        \*        \*        \*

The pleadings as filed in this matter on behalf of the peti-
tioner, Manuel Constantino, show that the said petitioner
was in the employ of the respondent on August 23d, 1926, at
the respondent's plant, located at Arlington, New Jersey, at
the rate of $24 per week; that the petitioner sustained an
accidental injury on August 25th, 1926, which accidental in-
jury arose out of and in the course of the petitioner's em-
ployment;

That the petitioner was immediately furnished medical,
surgical and hospital services by the respondent, and that he
returned to work on August 28th, 1926, and has continued to
work for the respondent since that date, at the rate of wage
equal to or greater than that which he was earning at the
time of the accident;

That the petitioner filed with this bureau a petition against
the respondent under date of May 31st, 1927.

It appears from the evidence in the case as submitted by
the respective parties that at the time of the filing of the
petition no dispute existed as to the amount of compensation
due the petitioner, nor had the parties had an opportunity to

attempt to agree upon the amount of compensation due under the Workmen's Compensation law of New Jersey. Section 12 of the law as in effect on the date aforesaid prescribes the method by which an aggrieved injured employe may petition this bureau for an award of compensation. The petition in this cause was intended to be filed in accordance with the aforesaid section of the law, which prescribes the exclusive rights of the petitioner.

The aforementioned section of the law provides *inter alia* that in case of a dispute over, or failure to agree upon, a claim for compensation between the employer and employe, either party may submit the claim to the workmen's compensation bureau as prescribed in paragraph 5 of the supplement to this act approved February 28th, 1918, as chapter 149;

The rights of the petitioner to submit the claim are limited to the aforesaid acts.

It appears conclusively from the pleadings as filed by the petitioner in this cause and from the evidence submitted by the parties that at the time of the filing of the petition there existed no dispute as to the nature and effect of the injuries and the amount of compensation due therefor, neither had the parties failed to agree upon a claim for compensation.

Upon motion made by counsel for the respondent that the petition be dismissed for the reason that at the time the petition was filed the Workmen's Compensation law of New Jersey gave the petitioner no right to file the same, I have concluded that under section 18 of the law the motion should be granted.

HARRY J. GOAS,
*Deputy Commisioner.*